IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DVI FINANCIAL SERVICES,<br><br>  Plaintiff<br><br>  v.<br><br>HOLLIS EYE FAMILY, et. al.,<br><br>  Defendants. | CIVIL ACTION<br>NO. 1:02-CV-1650-JTC |

## ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Case for Want of Prosecution [# 8-1] and Motion for Entry of Default Judgment [# 8-2]. The Motion for Reconsideration [# 8-1] is **GRANTED**. The Order of the Court entered July 29, 2004 is **VACATED**. Plaintiff's Motion for Entry of Default Judgment [#8-2] is **GRANTED**.

I.     **Background**

In this case, Defendant entered into a sixty month "master lease" with Hillside Finance International. Hillside assigned its rights to Plaintiff. The master lease effectuated the lease of equipment. Hollis accepted the leased equipment but failed to make the required payments on the master lease. Plaintiff claims it is owed $67,830.94 for one set of equipment and $152,845.16 for another set of equipment, totaling $220,676.10.

Plaintiff filed its complaint on June 14, 2002. Plaintiff voluntarily dismissed Stephen Hollis as a defendant. Hollis Family Limited is the sole defendant remaining. Defendant did not answer the Complaint or otherwise make an appearance in the case.

On February 6, 2003, Plaintiff filed a motion for the Clerk to enter default judgment against Defendant. At that time, the Clerk had not entered default against Defendant. The Court construed Plaintiff's motion as a motion for entry of default and directed the Clerk to enter default against Defendant. The Clerk complied on March 25, 2003. After the Clerk entered default, Plaintiff did not file a motion for entry of default judgment or any other motions for more than one year. The Court dismissed the case for want of prosecution on July 29, 2004. On August 3, 2004, Plaintiff timely filed a motion for reconsideration of the Court's dismissal of the case. In that motion, Plaintiff also moved the Court to enter default judgment against Defendant.

## II.   Statement of the Law

According to Local Rule 7.2(E), motions for reconsideration shall not be filed as a matter of routine practice. Such motions should be filed only when a party or attorney believes it is absolutely necessary. Federal Rule of Civil Procedure 60(b) governs motions for reconsideration.

> The rule's provisions are broadly worded and permit judgments to be reopened "upon such terms as are just" for any number of reasons, including to correct a mistake, to undo the result of inadvertence, or to remedy excusable neglect . . . or for "any other reason justifying relief from the operation of the judgment" . . . . The latitude that the rule gives courts to reopen final judgments is frequently described as a "broad discretion."

Gonzalez v. Secretary for Dept. of Corrections, 366 F.3d 1253, 1270 (11th Cir. 2004) (citations omitted).

### III. Analysis

The Court has reconsidered its Order entered July 29, 2004 dismissing this case and **VACATES** the Order. Plaintiff had more than one year to move for entry of default judgment after the Court construed its motion as one for entry of default. Plaintiff failed to do so. However, dismissal of the case at this juncture would create an unjust result. Plaintiff believed that its motion for entry of default judgment prior to the clerk's entry of default would result in entry of the judgment. Plaintiff believed no further action was necessary in spite of the Court's construction of its motion as one for entry of default. Because Plaintiff indeed filed a motion for entry of default judgment, Plaintiff's mistake is excusable. In accordance with Federal Rule of Civil Procedure 55(b)(1), Defendant has been defaulted, damages are for a sum certain, and Plaintiff provided an affidavit for the amount due. (See Pl. Mot. for Clerk to Enter Default Judg.); Fed. R. Civ. P. 55(b)(1). Therefore, Plaintiff

is entitled to entry of default judgment in the amount of **$220,676.10**.

IV. Conclusion

Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Action for Want of Prosecution [# 8-1] is **GRANTED**. For the foregoing reasons, the Order of the Court entered July 29, 2004 is **VACATED**. The Motion for Entry of Default Judgment [# 8-2] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment for Plaintiff in the amount of **$220,676.10**.

**SO ORDERED**, this ___19th___ day of November, 2004.

/s/ Jack Camp
JACK T. CAMP
UNITED STATES DISTRICT JUDGE